UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   5:22-cv-00540-MCS-JEM                                    Date   April 19, 2022

Title   *Francis v. BMW of N. Am., LLC*

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):            Attorney(s) Present for Defendant(s):

None Present                                                    None Present

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 10)**

Plaintiff Marwan Francis filed a motion to remand this action to state court. (Mot., ECF No. 10-1.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for May 16, 2022.

The Court denies the motion for failure to comply with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist.

LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). As the Court advises in its standing order, "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 8.)

Here, the motion does not present a statement of compliance with Local Rule 7-3, and the moving papers do not indicate whether any prefiling conference took place. The papers do not clarify whether the issues presented in the motion are disputed or conceded. This uncertainty easily could be avoided by conducting a meaningful, thorough conference of counsel. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

The motion is denied without prejudice. Any renewed motion must be accompanied by a declaration establishing strict compliance with Local Rule 7-3. The Court warns that any failure by any party to initiate or participate in a Local Rule 7-3 conference will be deemed willful disobedience of this Order and will result in sanctions. C.D. Cal. R. 83-7.

**IT IS SO ORDERED.**